UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALBERT WOODFOX

CASE NO. 14-cv-662-JJB-SCR

VERSUS

JAMES LEBLANC, ET AL.

**RULING**

This Court's prior ruling granted the Motion to Dismiss filed by four of the Named-Defendants and granted Plaintiff leave to amend to cure the deficiencies in his complaint. An Amended Complaint (doc. 13) was filed by Plaintiff. Plaintiff's amended complaint was an effort to cure deficiencies and also added new claims and new Defendants. The six named Defendants now bring this Motion for Summary Judgment, or in the alternative Motion to Dismiss (doc. 18). The Court, not looking beyond the pleadings, is considering the Defendant's motion as a Motion to Dismiss.

Defendants seek to have the claims for injunctive and declaratory relief dismissed as moot since the Plaintiff is no longer imprisoned with Elayn Hunt Correctional. The Plaintiff does not present in argument in opposition. Plaintiff's claims for injunctive and declaratory relief are DISMISSED.

Plaintiff's Amended Complaint added new claims surrounding his disabilities while imprisoned at Elayn Hunt. Defendants seek to have the claims dismissed as Plaintiff did not exhaust the administrative remedies required of a prisoner who complains about prison life. Plaintiff concedes that the administrative remedies were not exhausted as to the newly added disabilities claims. Plaintiff argues that because he is no longer imprisoned with Elayn Hunt, he is not required to exhaust administrative remedies. Plaintiff relies on *Norton v. The City of*

1

*Marietta, OK*, 432 F.3d 1145, 1150 (10th Cir. 2005) to support his argument for not needing to exhaust the administrative remedies for these newly added claims. The Tenth Circuit agreed that it is the Plaintiff's status as the time he files suit that determines whether 42 U.S.C. § 1997e's exhaustion provision applies. The plain language of § 1997e(a) reads as follows: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Considering Plaintiff's current status when the disabilities claims were added, Plaintiff is still a prisoner, albeit detained in a different prison. Because § 1997e does plainly require prisoners to exhaust administrative remedies, and Plaintiff concedes that administrative remedies as to the newly added disabilities claims were not exhausted, those disabilities claims are DISMISSED.

The Amended Complaint does cure the defects from the original Complaint in specifically pointing to the physical injury Plaintiff claims to have suffered, as well as explaining the chronology of events that allow one to infer at the pleading stage that there is a plausible claim against the individual Defendants. Further, this Court agrees that the question of qualified immunity is before this Court prematurely.

## CONCLUSION

For the reasons assigned above, Plaintiff's claim seeking injunctive or declaratory relief and newly added claims surrounding disabilities are DISMISSED. All other claims have been sufficiently pled at this time to satisfy Rule 12(b)(6).

Signed in Baton Rouge, Louisiana, on August 5, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**